# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Foley, | Case No. 2:20-cv-01874-ART-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Georgina Stuart, *et al.*, | |
| Defendants. | |

Defendants Anita Flores-Yanez, Lisa Reese, Alexa Rodriquez, and Georgina Stuart move, by way of appearance, to quash service of process as improper under Fed. R. Civ. P 4(e)(2). ECF No. 12. Plaintiff Michael Foley has not filed an opposition.

The Federal Rules of Civil Procedure provide that when serving an individual within a judicial district of the United States, service may be affected by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P 4(e)(2). The Nevada Rules of Civil Procedure for service on an individual are substantially similar to their federal counterparts. *See* NRCP 4.2(a); *see also* NRCP 4.2(d)(4) ("Any current or former public officer or employee of any county . . . must be served by delivering a copy of the summons and complaint to the current or former public officer or employee, or an agent designated by him or her to receive service of process.")

Here, Defendants Flores-Yanez, Reese, Rodriguez, and Stuart were not personally served. ECF Nos. 10, 10-2, 10-3, and 10-4. As these documents reflect, the U.S. Marshal attempted to serve these four defendants by leaving copies of the summons and complaint with "Kelly Mann" a "Legal Office Asst." at the "Family Court Building" located at "601 Pecos Rd. Las Vegas Suite 470." *Id*. Defendants note that (1) two of these defendants no longer work for the Clark County Department of Family Services and, in any event, (2) "Kelly Mann" was not authorized by the defendants or statute to serve as an agent to accept service on their behalf. Thus, Plaintiff's attempted service in this regard fails as a matter of law pursuant to Fed. R. Civ. P 4(e)(2).

Therefore, **IT IS ORDERED** that ECF No. 12 is GRANTED.

**IT IS FURTHER ORDERED** that the Clark County District Attorney's Office must file with the Court, by June 18, 2022 and under seal, the last-known addresses for the Defendants who no longer with Clark County as well as the name and address for the designated person who can accept service on behalf of the Defendants who still work with the County.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff four blank copies of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must file the required USM-285 forms by June 18, 2022. On the forms, Plaintiff must leave blank Defendants' last-known addresses.

**IT IS FURTHER ORDERED** that, if Plaintiff timely files the USM-285 forms, the Court will issue a separate order to effectuate service. If Plaintiff does *not* file the USM-285 form for any Defendant, the Court may recommend that Defendant be dismissed.

DATED: May 18, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE