UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Michael Foley, | Case No. 2:20-cv-01874-ART-BNW |
|---|---|
| Plaintiff, | **Report & Recommendation re ECF No. 50** |
| v. | |
| Georgina Stuart, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Michael Foley's Motion to Amend Complaint. ECF No. 50. Defendant James Childs opposed. ECF No. 56. Plaintiff did not file a reply.

**I.    Procedural Background and Parties' Arguments**

Plaintiff filed his original complaint on October 7, 2020. ECF No. 1-1. On February 28, 2022, the Court screened the complaint. ECF No. 5.

The Court found that Plaintiff had made the following cognizable claims: (1) Fourth and Fourteenth Amendment claims (based on the October 18, 2008 seizure) against Defendants Stuart and Pont in their individual capacity; and (2) Fourth and Fourteenth Amendment claims (based on the October 28, 2008 seizure) against Defendants Childs, Florez-Yanez, Reese, and Rodriguez in their individual capacity. *Id*.

The Court dismissed the remainder of the claims and defendants with leave to amend. *Id*.

Plaintiff now seeks to amend the complaint. The facts underlying the proposed amended complaint are identical to the original complaint. *Compare* ECF No. 1-1 *with* ECF No. 50 at 4–30. The only difference in the new proposed amended complaint is the addition of John T. Kelleher as a defendant.[1]

---

[1] Because the proposed amended complaint does not attempt to cure any of the deficiencies outlined in this Court's February 28, 2022 Report and Recommendation (at ECF No. 5), the Court construes this proposed amended complaint only as one attempting to add John Kelleher as a party. To the extent Plaintiff attempts to reinstate the previously denied claims and parties, the Court also recommends denial for the same reasons it previously stated at ECF No. 5.

1

Defendant James Childs opposes the motion and argues that amendment would be futile for two reasons. ECF No. 56 at 2–3. First, the statute of limitations to add this new party lapsed in October 2020.[2] *Id*. Second, the claims against John Kelleher appear to be barred by the litigation privilege. *Id*. at 2.

**II.     Analysis**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all of these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id*. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin. Servs., Inc.,* No. 215CV00408JADNJK, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015).

---

[2] Although Defendant Childs argues that LVMPD and Clark County are new defendants, these two entities were named in the original complaint.

2

The party opposing the amendment bears the burden of showing why leave should be denied, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)), including the burden of establishing prejudice, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

"The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). The applicable Nevada statute of limitations, N.R.S. § 11.190(4)(e), establishes a 2-year statute of limitations for personal injury caused by the wrongful acts or negligence of another. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (citing N.R.S. § 11.190(4)(e)). The statute of limitations period accrues when a party "knows or has reason to know of the injury." *Golden Gate Hotel Ass'n v. City and Cty. of San Francisco*, 18 F.3d 1482, 1486 (9th Cir. 1994). Nevertheless, another Nevada statute—N.R.S. 11.250—tolls the running of a statute of limitations when a person is a minor.

This Court agrees with Defendant Childs that these claims against John Kelleher are barred by the statute of limitations. The claims took place in 2008 and 2012. Defendant represents Plaintiff was born in October 2000.[3] As such, the statute of limitation was tolled until the time Plaintiff became an adult, sometime in October 2018. Plaintiff had two years from October 2018 to allege these claims against John Kelleher.[4] But the proposed amended complaint was filed on October 11, 2022. The claims against John Kelleher are therefore barred and amendment would be futile.[5] *See Hoang v. Bank of Am., N.A.,* 910 F.3d 1096, 1103 (9th Cir. 2018) (explaining that

---

[3] Plaintiff did not file a reply contesting that fact. In addition, Defendant Childs is represented by the District Attorney's Office, which has access to the underlying file from which these claims derive. This Court assumes that it is this same file Defendant Childs relies upon to represent Plaintiff's date of birth.

[4] The exact date in October is not relevant for purposes of this analysis as the proposed amended complaint was filed approximately two years after the statute of limitation lapsed.

[5] Plaintiff does not name John Kelleher in the original complaint but does reference him. *See* ECF No. 1-1 at 19–21. To the extent not naming Kelleher as a defendant in the original complaint was an oversight, then Plaintiff could have argued this in his motion to amend but he does not. Instead, Plaintiff relies on the argument that he learned of "certain facts" since filing the original complaint that justify amendment. ECF No. 50 at 2.

amendment is futile when a claim is "barred by the applicable statute of limitations") (citations omitted).

### III.   Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff Michael Foley's Motion to Amend Complaint (ECF No. 50) to add John T. Kelleher as a defendant be denied because amendment would be futile.

### IV.   Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 14, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE