# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Foley, | Case No. 2:20-cv-01874-ART-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Georgina Stuart, et al., | |
| Defendants. | |

Before the Court is Plaintiff Michael Foley's motion to extend the time for service of process for Defendants Reese, Stuart, Rodriguez, and Flores. ECF No. 51. Plaintiff also seeks to serve these Defendants by publication. *Id*. Defendant James Child opposes this request.[1] ECF No. 57.

## I.   Background

Plaintiff attempted to serve Defendants Reese, Stuart, Rodriguez, and Flores on March 30, 2022 (within one month of this Court's screening of Plaintiff's complaint). ECF No. 10.

On April 13, 2022, these Defendants made a special appearance and moved to quash service. ECF No. 12. On May 18, 2022, this Court granted the motion and instructed the Clark County District Attorney's Office to file under seal the last-known addresses for the Defendants who were no longer employed with Clark County, as well as the name and address for the designated person who could accept service on behalf of the Defendants who still worked for the County. ECF No. 24 at 1-9. The deadline to comply with this Order was June 18, 2022. *Id*. The Clark County District Attorney's Office complied with that Order. ECF Nos. 27, 28.

---

[1] The Court assumes Counsel for Defendant Childs is making a special appearance on behalf of Defendants Reese, Stuart, Rodriguez, and Flores, as he has in previous motions.

That same Order also required Plaintiff to file "USM-285 forms by June 18, 2022" with the address line left blank. *Id*. at 2. Plaintiff did not comply with that Order.[2] Because Plaintiff did not file the requested USM-285 forms, this Court took no further action regarding service of process for these defendants. In addition, on September 12, 2022, this Court issued an Order indicating an intent to dismiss these defendants for Plaintiff's failure to comply with service requirements. ECF No. 42.

On October 11, 2022, Plaintiff filed the instant motion. ECF No. 51.

## II.     Enlarging the Time for Service

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

Here, the Court finds that Plaintiff has not established good cause, as he has not been diligent. He has been on notice since May 18, 2022 that he needed to re-file the USM-285 forms and leave the address line blank. He took no action and waited until October 11, 2022 to request more time to serve. Therefore, the Court must determine whether Plaintiff has established excusable neglect.

The Ninth Circuit has declined to articulate a specific test that a court must apply under the discretionary component of Rule 4(m). *In re Sheehan*, 253 F.3d at 513. Instead, the Ninth

---

[2] The USM-285 forms attached to Plaintiff's instant motion are the forms that Plaintiff filed in compliance with this Court's *February 28, 2022 Order*. See ECF Nos. 5, 8. But on May 18, 2022, this Court granted Defendant's motion to strike service on specific defendants and ordered Plaintiff to file *new* USM-285 forms (with the address line left blank) by June 18, 2022.

Circuit has emphasized that the Court's discretion at the second step is broad. *Id*. However, other courts have allowed the following factors to guide their discretion under Rule 4(m): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

First, the Court finds that there is little appreciable prejudice to defendants. This case is still in its infancy, and this is Plaintiff's first request for an extension.

The second factor likewise weighs in favor of an extension because the Court will only grant an extension of 45 days. This is not a lengthy amount of time, and it is unlikely to have a substantial impact on these proceedings.

The third factor weighs against an extension. The Court appreciates Plaintiff is appearing pro se. Nevertheless, Plaintiff waited five months before seeking an extension and provided no reason for the delay.

The fourth factor weighs in favor of an extension because the Court does not believe that Plaintiff has moved in bad faith.

Based on these factors, the Court will exercise its discretion to extend the time for service for an additional 45 days because, on balance, the Court believes that Plaintiff has established excusable neglect. However, the Court warns that should Plaintiff need another extension, the Court will accord particular significance to his actions in the time between today's Order and any subsequent motion.

### III. Service of Process by Publication

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in

accordance with law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c). The litigant must (1) establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable"; (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Plaintiff fails to establish any of these requirements. Thus, Plaintiff has not made the requisite showing under NRCP 4.4(c)—and, by extension, Federal Rule 4(e)(1)—to effect service of process upon Defendants Reese, Stuart, Rodriguez, and Flores by publication.

The Court notes again that the Clark County District Attorney has filed information under seal with the name of the person authorized to accept service on behalf of these defendants and the address where the summonses must be served. ECF Nos. 27, 28. As a result, all that Plaintiff must do is file (by January 5, 2023) the USM-285 forms for each of these Defendants and leave the address line blank. Once those forms are filed, this Court will direct the Marshals to effectuate service of process on Reese, Stuart, Rodriguez, and Flores.

### IV. Conclusion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time and for service by publication (ECF No. 51) is granted in part and denied in part. It is granted to the extent that Plaintiff

has 45 days from the date of this Order to serve Defendants Reese, Stuart, Rodrigues, and Flores. It is denied to the extent that the Court will not allow service of process by publication.

**IT IS FURTHER ORDERED** that Plaintiff must file USM-285 forms for each of these defendants with the address left blank by January 5, 2023. Once those forms are filed, the Court will direct the U.S. Marshals Service to serve these defendants at the addresses that the Clark County District Attorney filed under seal.

DATED: December 27, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE