**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Michael Foley, | Case No. 2:20-cv-01874-ART-BNW |
| Plaintiff, | **Order** |
| v. | |
| Georgina Stuart, et al., | |
| Defendants. | |

Before the Court is Defendant Childs' Motion to Compel Deposition of Plaintiff and for Sanctions. ECF No. 81. Defendant Pont joined at ECF No. 86. A notice of non-opposition was filed at ECF No. 92.

On February 14, 2023—fourteen days after the response to the Defendants' motion was filed—Plaintiff filed a Motion to Extend Time and Response to Motion for Sanctions. ECF No. 96.

Defendant Childs also filed Motion to Compel Responses to Written Discovery. ECF No. 89. A notice of non-opposition was filed at ECF No. 95.

**I.     Motion to Compel Deposition of Plaintiff and for Sanctions**

At the outset, the Court will grant Plaintiff's Motion to Extend Time at ECF No. 96 and consider the arguments he provides opposing sanctions.

Defendants seek to depose Plaintiff and seek sanctions for Plaintiff's failure to attend his scheduled deposition. ECF No. 81. The deposition was properly noticed. ECF Nos. 81-1, 81-2, and 81-3.  In addition, Plaintiff was notified by email of this deposition. ECF No. 81-4.

Plaintiff does not oppose sitting for the deposition and explains that he was not aware he had to attend the previously scheduled deposition. ECF No. 96. This is so because he shares a mailbox with others "who are not motivated to ensure that the plaintiff receive his mail in a timely fashion." *Id*. In addition, he explains that he was under the impression the case was stayed. *Id*.

As mentioned above, Plaintiff does not oppose sitting for a deposition. As a result, that aspect of the motion is granted.

Moving on to sanctions, Defendant Childs requests attorney fees and costs in connection with Mr. Foley's failure to appear at his deposition on January 10, 2023. Defendant incurred $383.45 and $285.00 in costs for the court reporter and videographer, respectively, for a total of $668.45. In attending the deposition and preparing the instant motion to compel and for sanctions, counsel for Defendant Childs worked 2.5 hours at a rate of $75/hour for a total amount of $187.50 in attorneys' fees.

Under Federal Rule of Civil Procedure 37(d)(3), the Court must require the party failing to act to pay the reasonable expenses, including attorneys' fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

First, it is Plaintiff's responsibility to get his mail. Plaintiff appears to understand that and has since changed his address to a P.O. Box over which he can exercise more control.[1] Having said that, the Court notes that Plaintiff also received the notice via email. Thus, it is unlikely that Plaintiff was "not aware" of the need to sit for a deposition. Nevertheless, the Court acknowledges that there was some confusion in the record (during the December 14, 2022 hearing) as to whether discovery was stayed or not. ECF No. 91 (Transcript of Hearing). It appears, based on Plaintiff's response, that the Court's Minute Order on December 21, 2022 did not sufficiently clarify that discovery was not stayed. The Court gives Plaintiff the benefit of the doubt, takes him at his word, and finds that it would be unjust to impose sanctions in this instance.

As a result, ECF No. 81 is granted in part and denied in part. ECF No. 96 is granted.

**II.     Motion to Compel Responses**

Defendant Childs filed this motion on January 25, 2023. ECF No. 89. The response was due on February 2, 2023, and no response has been filed. It appears Plaintiff is under the

---

[1] The Court read Defendant Childs' opposition to the notice of the change of address. ECF No. 94. While the Court understands the rationale for the objection, no points and authorities have been provided explaining what authority Defendant Childs is relying on for the relief sought. Defendant Childs may file a proper motion should he wish to pursue this issue further.

impression that discovery is stayed. It is not. The Court adopts the same rationale it did above and will allow Plaintiff until March 17, 2023 to object or otherwise respond to these discovery requests. The Court warns Plaintiff that a failure to do so may result in further sanctions, including the dismissal of this case.

In this vein, the Court wants Plaintiff to be on notice that:

(1) Discovery is not stayed. He must respond to discovery in a timely manner.

(2) The fact that pro bono counsel may be appointed in this case does not excuse Plaintiff from participating in the case. Plaintiff is responsible for all deadlines.

As a result, ECF No. 89 is granted to the extent that Plaintiff will be required to respond and/or object to the discovery requests no later than March 17, 2023.

### III. Conclusion

**IT IS THEREFORE ORDERED** that ECF No. 81 is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that ECF No. 96 is GRANTED.

**IT IS FURTHER ORDERED** that ECF No. 89 is granted to the extent that Plaintiff will be required to respond and/or object to the discovery requests no later than March 17, 2023.

**IT IS FURTHER ORDERED** that the hearing set for Tuesday, February 21, 2023 is VACATED.

DATED: February 17, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE