1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL FOLEY,

Plaintiff,

v.

GEORGINA STUART, *et al.*,

Defendants.

Case No. 2:20-cv-01874-ART-BNW

ORDER

Pro se plaintiff Michael Foley ("Plaintiff") filed this action *in forma pauperis* on October 7, 2020, alleging that beginning in 2008, Defendants engaged in a concerted effort to fraudulently deprive him of association with his father, Michael Foley, Senior, by manufacturing abuse allegations against his father which would lead to his father losing custody of Plaintiff. Before the Court are: (1) Defendant James Childs's motion to dismiss (ECF No. 14); (2) Plaintiff's motion for partial summary judgment as to Defendant Childs (ECF No. 45), regarding which Defendant Childs filed a countermotion to continue (ECF No. 55) and Plaintiff filed a motion to supplement (ECF No. 61), which Defendant Childs moves to strike (ECF No. 66); (3) the Report and Recommendation ("R&R") of United States Magistrate Judge Brenda Weksler (ECF No. 68) recommending that Plaintiff's motion to amend complaint (ECF No. 50) be denied, to which Plaintiff filed an objection (ECF No. 73), as well as a reply (ECF No. 85) which Defendant Pont moves to strike (ECF No. 87); and (4) Plaintiff's renewed motion for appointment of counsel (ECF No. 62).

For the reasons set forth in this order, the Court: (1) denies Defendant Childs's motion to dismiss; (2) denies Plaintiff's motion for partial summary judgment while granting Plaintiff's motion to supplement, granting in part the motion to strike Plaintiff's motion to supplement, and denying the countermotion

to continue as moot; (3) adopts the R&R while granting the motion to strike Plaintiff's reply in support of his objection to the R&R; and (4) denies Plaintiff's motion for appointment of counsel.

## I.    BACKGROUND

According to Plaintiff's complaint, in 2008 Plaintiff's aunt and her husband, Michelle and Jeffrey Pont, conspired to take advantage of Plaintiff's mother, Patricia, who had a gambling problem, in order to ultimately obtain custody of Plaintiff and deny custody to Plaintiff's father, Michael Foley, Senior. (ECF No. 1-1 ("Complaint") at 9.) The Ponts allegedly agreed to pay Patricia's significant gambling debts if Patricia would divorce Michael Foley, Senior and assist in making false accusations of child abuse against Michael Foley, Senior. (*Id.*) Specifically, Plaintiff alleges that Jeffrey Pont bribed Georgina Stuart, an agent of the Clark County Department of Family Services ("DFS"), and then called DFS on or around October 18, 2008 to report that Michael Foley, Senior was abusing his children so that Stuart would remove Plaintiff and his sister from his father's custody. (*Id.* at 8-9.) During this incident, Stuart and Pont allegedly made threats against Michael Foley, Senior and searched Plaintiff and his sister in an invasive manner. (*Id.* at 10.) Stuart then allegedly filed a false report with DFS stating that Michael Foley, Senior was abusive, even though Plaintiff and his sister denied any abuse, and placed Plaintiff and his sister in the custody of the Ponts. (*Id.* at 10-11.)

On or about October 22, 2008, Stuart allegedly encouraged Plaintiff's mother, Patricia, to apply for a protective order in bad faith which would disable Michael Foley, Senior from obtaining custody. (*Id.* at 14.) Michael Foley, Senior had also obtained his own protective order to obtain custody of his children from Patricia, and on or about October 28, 2008, Officer James Childs of the Las Vegas Metropolitan Police Department ("LVMPD") stopped Patricia and served her the protective order. (*Id.*) However, Patricia allegedly then immediately called Jeffrey

Pont, who called DFS and spoke to DFS agent Anita Flores-Yanez who was then authorized by her supervisor Alexa Rodriguez and superior Lisa Reese to intervene in the situation. (*Id.*) These three along with Officer Childs allegedly conspired to take Plaintiff and his sister into DFS custody, notwithstanding Michael Foley, Senior's claim that he should rightfully have custody pursuant to his protective order, and Officer Childs allegedly ordered Michael Foley, Senior to keep away from his children until Flores-Yanez arrived and took the children to the Child Haven facility. (*Id.* at 15-17.) After this, Stuart then allegedly made various false entries in the DFS system noting that Michael Foley Senior was abusive, despite a determination by DFS that the allegations against Michael Foley, Senior were unsubstantiated. (*Id.* at 18-19.) Stuart allegedly misled the divorce court and represented that there remained credible allegations against Michael Foley, Senior, notwithstanding the determination that the allegations were unsubstantiated, which led to Michael Foley, Senior losing custody in the divorce proceeding. (*Id.* at 20-21.)

On February 28, 2022, Judge Weksler issued a recommended screening order which was adopted in full by the Court on March 21, 2022, after receiving no objection. (ECF Nos. 5, 7.) The screening order allowed Plaintiff's individual claims against Jeffrey Pont, DFS agents Stuart, Flores-Yanez, Reese, and Rodriguez, and LVMPD Officer Childs to proceed.

## II.    MOTION TO DISMISS

On April 13, 2022, Defendant Childs filed a motion to dismiss. (ECF No. 14.) Defendant Childs argued that the case should be dismissed in its entirety under the Rooker-Feldman doctrine and the doctrine of Election of Remedies. In support of these arguments, Defendant Childs informed the Court that in addition to the instant lawsuit, Plaintiff also filed two other lawsuits in state court on the same day. One was a personal injury lawsuit against Plaintiff's mother, Patricia Foley, and an insurance company arising from events which allegedly

occurred in 2006. *Foley v. Century-Nat'l Ins. Co.*, A-20-822649-C. The second brought allegations identical to the instant case. *Foley v. Stuart*, A-20-822651-C. In the personal injury case, the court suspected that the case was being litigated by Michael Foley, Senior, not Plaintiff, and the court ordered Plaintiff to appear at a status check on January 10, 2022, and Plaintiff did not make an appearance. The court then issued an Order to Show Cause again directing Plaintiff to appear on March 7, 2022, and Plaintiff did not make an appearance. The court then dismissed the case. The case which brought allegations identical to this case was dismissed for lack of prosecution and failure to serve.

Defendant Childs also argues that the claims against him individually should be dismissed because he is entitled to absolute immunity.

## A.    ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman Doctrine bars federal courts from hearing de facto appeals from state court judgments. The Rooker-Feldman Doctrine bars a federal case as a de facto appeal of a state court judgment when: (1) the state court case has been fully rendered before the plaintiff filed the second federal case, and (2) the second federal case is a pure challenge to the legal conclusions of the first case. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). In other words, a second federal case alleging that the state proceedings themselves violated constitutional rights, e.g. due process, is not barred by the Rooker-Feldman Doctrine, since that is not a de facto appeal of the underlying first case but rather concerns a separate wrong. Simultaneous federal and state proceedings are not generally barred by the Rooker-Feldman Doctrine. *Id.* at 1159 ("The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system.").

In this case, Plaintiff filed identical lawsuits in this Court and in state court on Oct. 7, 2020. The state case, *Foley v. Stuart*, A-20-822651-C, was dismissed in December 2021 for failure to prosecute and for service defects. (ECF No. 14-

9.) Because the instant case does not challenge the outcome of the simultaneous state court case directly, the Rooker-Feldman Doctrine does not apply.

### B.   ELECTION OF REMEDIES

Under the doctrine of Election of Remedies, where there are multiple ways to redress a wrong and the plaintiff chooses one over the other, the plaintiff is prohibited from later seeking the other remedy in court. Specifically, a plaintiff is prohibited from a later choice of remedy when: (1) two or more remedies ... existed at the time of the election, (2) these remedies [are] repugnant and inconsistent with each other, and (3) the party to be bound ... affirmatively chose[ ], or elected, between the available remedies." *Teutscher v. Woodson*, 835 F.3d 936, 956 (9th Cir. 2016) (holding that a plaintiff in a wrongful termination case chose between the remedies of reinstatement and front pay). Election of Remedies does not generally bar simultaneous federal and state cases. *See Haphey v. Linn Cnty.*, 953 F.2d 549, 552 (9th Cir. 1992) (rejecting the application of Election of Remedies and stating that "state claim and issue preclusion rules should normally be employed when courts are considering whether utilization of state court proceedings prevents later utilization of federal proceedings.").

In this case. Plaintiff has filed simultaneous identical cases in federal and state court. In so doing, Plaintiff did not choose one remedy over another in the way contemplated by the Election of Remedies doctrine. The doctrine does not bar the instant case.

### C.   ABSOLUTE IMMUNITY OF OFFICER CHILDS

Defendant Childs argues that he is entitled to absolute immunity and should be dismissed from this case because his role was limited to the service of a valid court order on October 28, 2008. Absolute immunity is a narrow doctrine guided by "the presumption [] that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Brooks v. Clark Cnty.*, 828 F.3d 910, 916 (9th Cir. 2016) (citing *Burns v. Reed*, 500 U.S.

478, 486–87 (1991)). Absolute immunity is afforded to those historically accorded immunity at common law, such as judges, for the exercise of discretionary judgment vital to the judiciary that might be impaired by exposure to potential damages liability. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges—that is, because they, too, exercise a discretionary judgment as a part of their function." *Id.* The Ninth Circuit "ha[s] never held that courtroom officials—bailiffs, marshals, and the like—receive absolute immunity whenever they act pursuant to a judge's order[.]" *Brooks*, 828 F.3d at 915. It is thus clear that as a general matter, Defendant Childs does not enjoy absolute immunity for his actions as a police officer, even when connected to the judiciary.

Though Defendant Childs cites to *Brooks* and *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764-765 (9th Cir. 1987) (holding that a child protective services worker who apprehended a child pursuant to a court order was entitled to quasi-judicial immunity), for the proposition that absolute immunity protects those who faithfully execute valid court orders, those cases do not apply here because Plaintiff's alleges that Defendant Childs did more. Plaintiff alleges that Defendant Childs along with Defendant Pont and Defendant DFS agents Flores-Yanez, Reese, and Rodriguez "conspired and coordinated together to seize the plaintiff [sic] and his minor siblings without a warrant, and in the absence of exigency or any immediate threat[,]" and that "Defendant James Childs decided to prevent Michael Sr. from taking custody of his children" by ordering Michael Foley, Senior to "keep away at a distance[,]" in contravention of the valid court order obtained by Michael Foley, Senior, which Defendant Childs initially appeared at the scene to execute. (Complaint at 14-15.) Because the alleged conduct goes beyond the execution of a valid court order, Defendant Childs is not entitled to absolute immunity and his motion to dismiss is denied.

1

### III.   MOTION FOR PARTIAL SUMMARY JUDGMENT

2         Plaintiff moves for partial summary judgment against Defendant Childs on

3    the issue of liability, with the issue of damages to be determined later. (ECF No.

4    45.) The purpose of summary judgment is to avoid unnecessary trials when there

5    is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of*

6    *Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate

7    when the pleadings, the discovery and disclosure materials on file, and any

8    affidavits "show that there is no genuine issue as to any material fact and that

9    the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v.*

10   *Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient

11   evidentiary basis on which a reasonable fact-finder could find for the nonmoving

12   party and a dispute is "material" if it could affect the outcome of the suit under

13   the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The

14   moving party bears the burden of showing that there are no genuine issues of

15   material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). If

16   the moving party satisfies Rule 56's requirements, the burden shifts to the party

17   resisting the motion to "set forth specific facts showing that there is a genuine

18   issue for trial." *Anderson*, 477 U.S. at 256.

19         Here, Plaintiff did not support his motion for partial summary judgment

20   with any evidence beyond a recitation of the allegations set forth in his complaint.

21   To his reply brief Plaintiff attached a copy of the DFS case notes from the UNITY

22   case management system as well as a signed eight-page affidavit from Michael

23   Foley, Senior, which generally restates the allegations in this case. (ECF No. 59.)

24   Even assuming the Court can properly consider materials introduced for the first

25   time with a reply brief when considering a motion for summary judgment, these

26   materials do not establish that Plaintiff is entitled to partial summary judgment

27   against Defendant Childs. Plaintiff also submitted a motion to supplement his

28   motion for partial summary judgment and attached six exhibits: (1) an

application for a temporary protection order by Michael Foley, Senior against Patricia Foley; (2) a temporary protection order for Michael Foley, Senior against Patricia Foley; (3) a certificate of service of the temporary protection order upon Patricia Foley; (4) a certificate of service of a temporary protective order for Patricia Foley against Michael Foley, Senior; (5) the same UNITY record submitted with the reply brief; and (6) an affidavit from Michael Foley, Senior. (ECF No. 61.)

None of these exhibits establish that Defendant Childs is liable as a matter of law because they do not show the conduct of Defendant Childs or any other party. Defendant Childs both claims immunity and disputes liability. (ECF No. 54.) With the possible exception of the affidavit of Michael Foley, Senior, nothing submitted in this case thus far illuminates the conduct of Defendant Childs, and a single affidavit repeating the allegations in the complaint is not sufficient to establish Defendant Childs's liability as a matter of law.

Plaintiff's motion to supplement (ECF No. 61) is granted and his motion for partial summary judgment (ECF No. 45) is denied. Defendant Childs's countermotion to continue under Rule 56(d) (ECF No. 55) is denied as moot. Defendant Childs also moves to strike Plaintiff's motion to supplement on the grounds that the UNITY record provided as an exhibit is confidential under NRS 432B.280. (ECF No. 66.) The Court grants in part Defendant Childs's motion to strike with respect to the UNITY record.

## IV.   MOTION TO AMEND COMPLAINT

Plaintiff seeks to amend his complaint to add as a defendant attorney John T. Kelleher for allegedly conspiring with DFS and others relating to the acts in this case.[1] (ECF No. 50.) Rule 15 of the FRCP allows for amendment of a pleading

---

[1] Defendant Childs's response in opposition (ECF No. 56) characterizes Plaintiff's motion as seeking to add three new parties: (1) LVMPD; (2) Mr. Kelleher; and (3) Clark County. However, LVMPD and Clark County were present in Plaintiff's original complaint, but the claims against them were dismissed in the screening order. (ECF Nos. 1-1, 5, 7.) It appears that the only substantive difference between Plaintiff's original complaint and proposed amended complaint is

with the leave of court and directs the court to "freely give leave when justice so requires." The Court may deny leave to amend when there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies …, undue prejudice to the opposing party…, futility of amendment, etc." *Hall v. United States*, 233 F.R.D. 591, 594 (D. Nev. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). However, when a party does serve and file written objections to the R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Here, Plaintiff's original complaint discussed Mr. Kelleher and his actions in relation to the allegations in this case. Plaintiff does not provide a reason why Mr. Kelleher was not named as a defendant in the original complaint. Judge Weksler recommends denial of Plaintiff's motion to amend because amendment would be futile due to the statute of limitations. (ECF No. 68 at 3-4.) As Judge Weksler explains, because § 1983 does not provide its own statute of limitations,

---

the insertion of a page adding Mr. Kelleher. (ECF No. 6 at 9.) As such, and as explained by Judge Weksler in the R&R, the Court will construe Plaintiff's motion to amend as seeking only to add Mr. Kelleher.

federal courts apply the forum state's statute of limitations and tolling rules for personal injury actions, which, under Nevada law, provide a limitations period of two years which, for Plaintiff, was tolled until he reached the age of majority. NRS 11.190, 11.250; *see Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Since Plaintiff reached the age of majority in October of 2018, Plaintiff had until October of 2020 to bring these claims, however Plaintiff filed his proposed amended complaint on October 11, 2022, therefore the additional claim against Mr. Kelleher would be barred, making amendment futile.

The Court agrees with Judge Weksler. The Court further notes that Plaintiff's proposed amended complaint likely does not relate back. Under Fed. R. Civ. P. 15(c)(1)(C), an amendment that adds a new defendant relates back if: (1) the claim arises out of the conduct, transaction, or occurrence set forth in the original complaint; (2) the new defendant received such notice of the action that it will not be prejudiced in defending on the merits; and (3) the new defendant knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Here, although it appears that the first and second requirements are satisfied, the addition of Mr. Kelleher is not due to a mistake of identity on the part of Plaintiff. Rather, Plaintiff knew of Mr. Kelleher from the beginning, as Mr. Kelleher was mentioned in the original complaint.

Plaintiff argues in his objection that he seeks damages from Mr. Kelleher for conspiracy, not personal injury, and the statute of limitations for conspiracy is four years, not two. (ECF No. 73 at 1-2.) However, Plaintiff alleges a conspiracy to deprive him of his constitutional rights under § 1983, and all § 1983 actions as well as civil rights conspiracy actions under § 1985 borrow the limitations period for personal injury actions even if they may sound in conspiracy. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). The Court adopts the R&R and denies Plaintiff's motion to amend.

Defendant Pont moves to strike a reply filed by Plaintiff in support of his objection to the R&R, as replies in connection with an objection to an order of a Magistrate Judge are allowed only with leave of court. (ECF No. 87.) The Court agrees and grants Defendant Pont's motion to strike.

**V.    MOTION FOR APPOINTMENT OF COUNSEL**

On June 6, 2022, Plaintiff filed a motion for pro bono counsel. (ECF No. 25.) This motion was denied without prejudice and with direction that re-filing shall not take place until after the Court has ruled on the motion to show cause, ECF No. 13. (ECF No. 32.) The Court issued an order to show cause on October 3, 2022, which directed Plaintiff to appear on November 7, 2022. (ECF No. 43.) On October 5, 2022, Plaintiff filed a second motion for appointment of counsel, and on October 17, 2022, the Court again denied the motion without prejudice pending a decision on the motion to show cause. (ECF Nos. 47, 53.) Plaintiff appeared at the show cause hearing on November 7, 2022, and Plaintiff orally renewed his motion for appointment of counsel. (ECF No. 62.)

A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* In this case, the Court finds that neither factor weighs strongly enough to constitute exceptional circumstances. On the likelihood of success on the merits, the allegations against Defendants Pont, Stuart, Florez-Yanez, Reese, and Rodriguez are that Defendant Pont bribed Defendant Stuart and conspired with the other DFS Defendants to deprive Plaintiff's father of custody of Plaintiff. Defendant Pont has filed an answer denying all allegations. (ECF No. 23.) While it is possible that Plaintiff may prove these allegations, there is presently no evidence or other circumstances which

suggest that Plaintiff is especially likely to succeed in this case. The same is also true for Defendant Childs, since, as discussed above, there is presently no evidence that illuminates the conduct of Defendant Childs, Michael Foley, Senior, or any other person on or about October 28, 2008, the date of the alleged incidents involving Defendant Childs.

On Plaintiff's ability to articulate his claims *pro se*, Plaintiff has successfully made numerous filings and responded to numerous motions in this case. Plaintiff therefore does not display an extraordinary inability to represent himself. Plaintiff's motion for appointment of counsel is denied.

## VI.   CONCLUSION

It is therefore ordered that Defendant Childs's motion to dismiss (ECF No. 14) is denied.

It is further ordered that Plaintiff's motion for partial summary judgment (ECF No. 45) is denied. Plaintiff's motion to supplement his motion for partial summary judgment (ECF No. 61) is granted. Defendant Childs's motion to strike Plaintiff's motion to supplement (ECF No. 66) is granted with respect to the UNITY record and denied in all other aspects. Defendant Childs's countermotion to continue (ECF No. 55) is denied as moot.

It is further ordered that the Report and Recommendation of U.S. Magistrate Judge Brenda Weksler (ECF No. 68) is adopted in full. Plaintiff's motion to amend complaint (ECF No. 50) is denied. Defendant Pont's motion to strike Plaintiff's reply in support of his objection to the R&R (ECF No. 87) is granted.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 62) is denied.

///

///

///

DATED THIS 20th day of March 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE