MICHAEL FOLEY
P.O. Box 777972
Henderson, Nevada 89077
Telephone: (702) 444-9422
Plaintiff in Proper Person

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Foley,<br><br>      Plaintiff<br><br>vs.<br><br>Georgina Stuart, an individual; Lorea Arostegui, an individual; Jeffery Pont, an individual; Anita Flores-Yanez, an individual; Alexa Rodriguez, an individual; Lisa Reese, an individual; James Childs, an individual; Sharonna Shelton, an individual; Las Vegas Metropolitan Police Department; Clark County; DOES 1-20,<br><br>      Defendants. | Case No.   2-20-cv-01874-ART-BNW<br><br><br>**PLAINTIFF'S MOTION TO EXTEND THE TIME TO RESPOND TO DEFENDANT'S MOTIONS** |

COMES NOW, Plaintiff Michael Foley, and hereby requests that the Court extend the time for the plaintiff to respond to the defendant James Child's motion for sanctions, and motion to strike. This motion is made pursuant to FRCP 6.

**FACTS**

Counsel for the defendant James Childs is exploiting this pro se plaintiff's lack of representation and has rather abusively arranged for the plaintiff to be disabled from timely receiving notice of various notices and filings. On or about December 14, 2022, at a hearing before the magistrate, counsel for the defendant James Childs insisted that the

1

plaintiff's address be changed from his post office box to his home address. The Plaintiff has been using his post office box in this action because the address is shared with his father, who is his *legal assistant,* and thus assured that he would receive timely notice of the various filings and notices that would have to be served and sent to him. In the Fall of 2020, the plaintiff's mother intercepted his official ballot from the mail, filled it out and mailed it so she could vote more than once in that presidential election. The plaintiff was denied the right to vote when he went to the polls on election day with his father, and based on that injustice, the plaintiff decided that he would have to receive his mail at an alternate location, like the post office box that his father agreed to share with him. Attorney Joel Browning has a history of litigating against the plaintiff's father, and in those various actions, not *once* has Mr. Browning sent a mailing to the plaintiff's father via certified mail, nor required a signature for any mailing. But in this action, Mr. Browning sends every motion and other mailing via certified mail, and he knows that such conditions cause the plaintiff to receive mailings from the defendant very late. This is because the plaintiff, as well as his father, are unable to retrieve the mail during regular business hours, when the counter is open at the post office. When the plaintiff or his father goes to the post office to get the mail, all they get are notices that there are pieces of mail that require a signature, and that means that those pieces of mail will not be retrieved until such time that the plaintiff or his father is able to return to the post office during regular business hours. (Fortunately the plaintiff and his father have the same name so either one is able to sign for the mailings addressed to Michael Foley.) If the mailing is sent to his home, the plaintiff has to rely on his mother, or some other person with access to his home mailbox, to remit the mail to him, and the plaintiff just cannot rely that the adults with whom he lives will remit his mail to him as well or as timely as his father would.

The plaintiff also relies that his father assist him in calendaring his hearing dates and other due dates in this action, as his father is a certified paralegal who has experience managing various cases, and has accepted the responsibility to be the plaintiff's case manager. But when the mailings are restricted and delayed by signature requirements, the

plaintiff's ability to respond in a timely manner and calendar various events is severely degraded. The plaintiff necessarily needs his father's knowledge and assistance to be able to understand the communications that he receives from the Court, as well as from the defendants. The defendants construe this assistance as though it were some kind of illegal activity. The plaintiff is now asking the court to extend the time to respond to the defendant's motion for sanctions, and renewed motion to strike since these motions did not come into the plaintiff's possession until April 5, 2023, when the mailings were finally delivered after being acknowledged by signature. Had counsel for the defendant James Childs NOT required a signature for these mailings, the plaintiff's father would have surely placed these motions on the plaintiff's calendar, and the motions would have had timely responses.

**ARGUMENT**

FRCP 6(b)(1)(B) provides in pertinent part:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The plaintiff requests that the Court extend the time because the failure to respond in a more timely manner is excusable, due to the defendant's deliberate efforts to complicate the delivery of the motions and notices that they have been sending to the plaintiff. The plaintiff understands that the defendant and his attorney's strategy to create complications unrelated to the merits of the case is their rather desperate attempt to defeat this lawsuit. They know that the plaintiff is necessarily entitled to judgment because the evidence that the District Attorney furnished in the action Foley v. Pont clearly shows that the plaintiff was in fact seized, and Clark County failed to secure a warrant to justify the seizure. They know that the plaintiff is entitled to judgment based on the evidence that the District Attorney has provided, and there's nothing that they can do to change the facts in their favor. All they can do is complicate and frustrate the process and try to find some justification to have the case dismissed for some reason other than by the merits. The

plaintiff is hopeful that the Court can see through their smoke and mirrors and allow the plaintiff to go to trial with the overwhelming evidence that he has to show to the jury or the judge who will adjudicate this case.

**CONCLUSION**

Because the defendant and his counsel are complicating and causing unnecessary delays by requiring the plaintiff's signature for *every* motion and document that they send to him, knowing that requiring a signature will certainly cause delays in the delivery and responses to such motions, and also doing whatever they can to disable the plaintiff's father from assisting him, the Court should extend the time for the plaintiff to respond to their dilatory motions, so that this case can remain on course to a prompt and just resolution.

DATED this 11th day of April, 2023.

SIGNED,

/s/ Michael Foley                /
Michael Foley, Plaintiff Pro Se

**ORDER**

IT IS ORDERED that ECF No. 113 is GRANTED in part and DENIED in part without prejudice. It is granted to the extent that the Court will give Plaintiff until April 19, 2023 to file a response to ECF No. 106. It is denied to the extent Plaintiff seeks an extension of time to respond to ECF No. 105, as this must be filed as a separate motion. *See* LR IC 2-2(b).

IT IS FURTHER ORDERED that the parties must meet and confer about how documents are served on Plaintiff to hopefully avoid this problem in the future. Finally, the Court advises Plaintiff that he must meet and confer with opposing counsel before filing any discovery motions in the future.

**IT IS SO ORDERED**
**DATED:** 1:02 pm, April 12, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing PLAINTIFF'S MOTION TO EXTEND THE TIME TO RESPOND TO DEFENDANT'S MOTIONS was served via the Court's CM/ECF filing and delivery system on the 11th day of April, 2023, upon the following:

Joel K. Browning
500 South Grand Central Pkwy, Ste. 5075
Las Vegas, Nevada 89155-2215
Joel.Browning@ClarkCountyDA.com
J. Stephen Peek, Brian D. Downing
Holland and Hart
9555 Hillwood Dr. 2nd Floor
Las Vegas, Nevada 89134

DATED this 11th day of April, 2023.

SIGNED,

*/s/  Michael Foley                              /*
Michael Foley, Plaintiff Pro Se

5