# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| Michael Foley, | Case No. 2:20-cv-01874-ART-BNW |
| Plaintiff, | **ORDER re ECF No. 106** |
| v. | |
| Georgina Stuart, *et al.*, | |
| Defendants. | |

Before the Court is Defendant James Childs' Motion for Sanctions for Plaintiff's Failure to Attend his Properly Noticed Deposition. ECF No. 106. Plaintiff opposed at ECF No. 121, and Defendant replied at ECF No. 123.

The parties are familiar with the underlying arguments. As a result, the Court repeats them here only as needed.

**I.     Analysis**

Fed. R. Civ. P. 37(d) allows for the imposition of sanctions if a party has been served with proper notice of the deposition and subsequently fails to appear. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions are not appropriate if the failure to act was substantially justified or other circumstances make the imposition of sanctions unjust. Fed. R. Civ. P. 37(d)(3).

By way of background, Defendant Childs previously sought sanctions for Plaintiff's failure to attend his deposition. ECF No. 81. Plaintiff opposed the request for sanctions by explaining that (1) he was not aware the deposition had been scheduled, and (2) he thought that discovery had been stayed. ECF No. 96 at 1-2.

This Court previously found the deposition was properly noticed. ECF No. 97 at 1 (citing ECF Nos. 81-1, 81-2, 81-3, and 81-4). But the Court denied the request for sanctions based on Plaintiff's representation that he was confused as to whether discovery had been stayed in this

case. *Id.* at 2. The Court gave Plaintiff the benefit of the doubt and declined to impose sanctions finding it would be unjust to do so in the circumstances described by Plaintiff. *Id.*

As it turns out, Plaintiff does not seem to know what a "stay" is. *See* ECF No. 106-1 at 24 (deposition transcript of Plaintiff). Thus, it appears to the Court that the justification provided at ECF No. 96 for the failure to attend the deposition was not Plaintiff's. Indeed, based on other portions of the transcript, it appears Plaintiff's father is very active in this case and that it may have been Plaintiff's father who was under the impression that the case was stayed. While Plaintiff testified during his deposition that he did not attend the previous deposition because he was working, it is not clear to the Court whether Plaintiff's father (properly or improperly) counseled Plaintiff not to attend.

There is currently a motion pending before the Court regarding whether Plaintiff's father is the one litigating this case and whether doing so constitutes the unauthorized practice of law. ECF No. 105. The Court's decision to that motion will guide its decision as to whether imposing sanctions in this case would be unjust or not.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Defendant James Childs' motion at ECF No. 106 is DENIED without prejudice. Defendant may renew the motion after the Court decides ECF No. 105.

**IT IS FURTHER ORDERED** that the hearing set for May 9, 2023 is VACATED.

DATED: May 2, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE